500 So.2d 740 (1987)
Robert W. WICKMAN and Florida Marine Sciences, Inc., a Florida Corporation, Appellants,
v.
George FIRESTONE, As Secretary of State of the State of Florida, and Michael Satz, As State Attorney of the Seventeenth Judicial Circuit, Appellees.
No. 4-86-0349.
District Court of Appeal of Florida, Fourth District.
January 14, 1987.
*741 Stuart L. Stein of Stuart L. Stein, P.A., Fort Lauderdale, for appellants.
Jim Smith, Atty. Gen. and James A. Peters, Asst. Atty. Gen., Tallahassee, for appellees.
LETTS, Judge.
A Florida corporation, engaged in the business of professional solicitation of funds for tax exempt organizations under § 501(c)(3) of the Internal Revenue Code, challenges the ruling of the trial court upholding the constitutionality of Chapter 496 of the Florida Statutes (1985). We affirm.
To capsulize the professional solicitor's argument, it believes the statute is unconstitutional because it is vague and overbroad, because "the burdensome and costly registration and reporting requirements ... operate as prior restraints on protected free speech in violation of the First Amendment and are therefore unconstitutional" and because the act violates equal protection rights. We disagree.
Most of the arguments advanced have already been answered in favor of the state by our Supreme Court. Thus we can do no better than refer to Fraternal Order of Police v. Department of State, 392 So.2d 1296, 1302 (Fla. 1980), which quotes from Dept. of Business Regulation v. National Manufactured Housing Federation, Inc., 370 So.2d 1132, 1136 (Fla. 1979):
Among [the constitutionally protected rights] are a person's right to contract and the right to pursue a lawful business, both recognized under the fifth and fourteenth amendments to the United States Constitution and under Article I, section 2 of the Florida Constitution. (Citation omitted). These are not, of course, absolute rights. They are subject to reasonable restraint in the interest of the public welfare. (Id.) (emphasis supplied). Legislative limitations upon the exercise of these liberties are constitutional if they rationally relate to a valid state objective. (Citation omitted). (emphasis in original).
As was further said in Fraternal Order of Police, "The right to earn a livelihood by engaging in a lawful occupation or business is subject to the police power of the state to enact laws which advance the public health, safety, morals or general welfare." Id. at 1301.
The statute in question here is designed to protect a charitably minded public from being improperly solicited, abused and even defrauded. It obviously advances that purpose and it bears a rational relationship *742 to the valid state objective. Ergo, it protects and advances the public's health, safety, morals and general welfare.
We also reject the argument that the statute is vague and overbroad; indeed, we find it precise and to the point. Further, its requirements do not attempt to censor the content of what is to be set forth in the solicitations themselves. The exemption for charitable organizations that solicit funds by persons who are unpaid for their services, and the exemption for ecclesiastical organizations, do not appear to us to violate equal protection rights. See Cantwell v. Connecticut, 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940). As the State points out, the professional solicitor's complaint of unequal treatment vis-a-vis Girl Scouts is "ludicrous." Moreover, the annual $500 registration fee is not too burdensome, the required bond is not excessive and the reporting requirements are not unreasonable. As our Supreme Court further held in Fraternal Order of Police: "[W]e have no difficulty in concluding that the overall regulatory provisions of the solicitations act comply with due process." Id. at 1301. We are aware that the court in Fraternal Order of Police was not presented with first amendment free speech issues as we are here. We find, however, that appellant's arguments in that regard are without merit, as the regulation of solicitation activities here disputed does not unduly intrude upon the rights of free speech. See Village of Schaumburg v. Citizens For A Better Environment, 444 U.S. 620, 633, 100 S.Ct. 826, 834, 63 L.Ed.2d 73, reh'g denied, 445 U.S. 972, 100 S.Ct. 1668, 64 L.Ed.2d 250 (1980).
In short, without discussing all the provisions of the statute in agonizing detail, we do not find it constitutionally infirm and we, therefore, affirm. We could have done so without opinion, but this particular controversy involving professional solicitation is apparently one of first impression. Thus, we write to afford the appellant an opportunity to invoke the Supreme Court's discretionary jurisdiction under Florida Appellate Rule 9.030(a)(2)(i).
In view of our conclusion, we find it unnecessary to address the procedural point on appeal.
AFFIRMED.
GLICKSTEIN and STONE, JJ., concur.